UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMODITY FUTURES TRADING )
COMMISSION, )
      Plaintiff, )
 )
v. )    Civil Action No. 12-1902 (RCL)
 )
TRADE EXCHANGE NETWORK )
LIMITED, an Irish company, and INTRADE )
THE PREDICTION MARKET )
LIMITED, an Irish company, )
      Defendants. )
 )

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's Motion for Attorneys' Fees [63].

Upon consideration of the record and applicable legal standards, the Court concludes that the

plaintiff is entitled to attorneys' fees in the amount of $45,877.50.

## I.    BACKGROUND

In this case, the plaintiff, Commodity Futures Trading Commission (the "Commission")

brought suit against defendants Trade Exchange Network Limited ("TEN") and Intrade the

Prediction Market Limited ("Intrade") for violations of the Commodity Exchange Act, 7 U.S.C.

§§ 1 *et seq.* (2002), and the Commission's Regulations, 17 C.F.R. §§ 1.1 *et seq.* (2004). Compl.

1.

After over a year of litigation, the Commission filed a motion to compel in January 2014,

asking that the Court order the defendants to cooperate in discovery and produce documents and

interrogatory responses. ECF No. 25. The Court granted the Commission's motion to compel in

June 2014 and ordered that the defendants fulfill their discovery obligations. ECF No. 33.

In support of its memorandum, the Commission has provided declarations from Ms. Banar and Mr. Deacon, consisting of time sheets created by the attorneys and explanations of the time spent, as well as an updated version of the "*Laffey* Matrix." *Id.* at Exhibits 1–4. The Commission utilizes the *Laffey* Matrix to determine the reasonable hourly rates of Ms. Banar and Mr. Deacon's work, and the defendants do not oppose the use of the *Laffey* Matrix in this regard. *Id.* at 5–6; *see also* Def.'s Opp. Pl.'s Pet. Att'y Fees (failing to challenge use of the *Laffey* Matrix).

According to the Matrix, a reasonable hourly rate for Ms. Banar, who has practiced law for over twenty-six years, is $510 per hour for the work she conducted on the Commission's Motion to Compel [25] and Reply [30] from June 2013–May 2014 and $520 for the work she performed in preparing her Declaration in Support of the Petition [63] from June 2014–May 2015. Pl.'s Pet. Att'y Fees 6–7. Based on the Matrix, a reasonable hourly rate for Mr. Deacon, who has practiced law for seventeen years, is $460 per hour. *Id.* at 7.

## II. LEGAL STANDARDS

Attorneys' fees awarded for a violation of Rule 37 are calculated using the lodestar method: a reasonable hourly rate multiplied by a reasonable number of hours expended. *Cobell v. Norton*, 231 F. Supp. 2d 295, 300 (D.D.C. 2002).

In order to be considered reasonable, the hourly rate must be in line with rates charged by other attorneys in the community of comparable skill, reputation, and ability. *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 16 (D.C. Cir. 1984). District of Columbia courts generally accept the Matrix from *Laffey*, in updated form, as an accurate reflection of the reasonable hourly rates of attorneys within the District. *See Bode & Grenier, LLP v. Knight*, No. 08-1323 DAR, 2014 WL

*of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982); *see also Hensley*, 461 U.S. at 433–37 (stating that courts have broad discretion to determine the reasonableness of fees in light of the circumstances surrounding the case). Additionally, courts are permitted to reduce a fee by a percentage if "a large number of entries suffer from one or more deficiencies." *DL v. D.C.*, 256 F.R.D. 239, 245 (D.D.C. 2009).

## III.   CHALLENGE TO THE SCOPE OF FEES REQUESTED

In their opposition to the Commission's motion for attorneys' fees, the defendants argue that the plaintiff's claimed hours include time spent on non-compensable tasks. Def.'s Opp. Pl.'s Pet. Att'y Fees 3–4. Specifically, defendants claim that the Commission is only entitled to fees that it incurred following the June 24th order [33]. *Id.* The defendants' opposition, however, fails to take into account this Court's first attorney fee order [37], under which the plaintiff has not yet been compensated. Thus, the defendants' argument on this point is unavailing.

The plaintiff has only requested fees incurred during preparation of documents explicitly listed in this Court's *two* awards of attorneys' fees, in addition to fees incurred during preparation of its Petition (which the defendants did not directly address and the Court finds acceptable under *Tequila Centinela v. Bacardi & Co.*, 248 F.R.D. 64, 72 (D.D.C. 2008) ("[T]ime reasonably devoted to obtaining attorney's fees in the context of litigation where the court must be petitioned for such an award is itself subject to an award of fees.")). Consequently, the Commission's petition is not over-inclusive in this respect.

## IV.   JUNIOR-LEVEL WORK CHALLENGE

The defendants also claim that the Commission's counsel, senior-level attorneys, conducted work that should have been done by junior-level attorneys. Def.'s Opp. Pl.'s Pet.

determine that only senior-level work was billed for at the high hourly rates requested. This brings the Court to the defendants' final set of challenges to the Commission's petition, related to the alleged vagueness of the Commission's time entries. Def.'s Opp. Pl.'s Pet. Att'y Fees 5–7.

## V. VAGUENESS CHALLENGES

### A. Legal Standard

Applications for attorneys' fees must be supported by documentation "of sufficient detail and probative value to enable a court to determine with a high degree of certainty that such hours were actually and reasonably expended." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004); *see also Woodland v. Viacom, Inc.*, 255 F.R.D. 278, 281–82 (D.D.C. 2008) (stating that the petition "must be sufficiently detailed to permit the district court to make an independent determination of whether or not the hours claimed are justified").

It is insufficient to provide "very broad summaries of work done and hours logged." *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327. Time sheets accompanying requests for attorneys' fees should not list multiple tasks in a manner that makes it difficult for the court to review the entries' reasonableness. *See In re Olson*, 884 F.2d 1415, 1428–29 (D.C. Cir. 1989) ("[D]eficient specifications make it impossible for the court to determine, with any degree of exactitude, the amount of time billed for a discreet activity where the lawyer in question billed for more than one activity in a day.").

### B. Application

Documentation submitted by the Commission, while generally explaining the work done and the hours expended, does not provide adequate detail for the Court to properly evaluate the reasonableness of claimed hours. Most of Ms. Banar and Mr. Deacon's time sheets simply state broad overviews of the work conducted, such as "Research re: civil contempt." Pl.'s Pet. Att'y

## VI. CONCLUSION

For the foregoing reasons, the plaintiff's motion [63] for attorneys' fees will be GRANTED in part and DENIED in part. Plaintiffs will be awarded a total of $45,877.50.

A separate order shall issue this date, November 9, 2015.

ROYCE C. LAMBERTH
United States District Judge